VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF AMELIA

PARCILLA G. SALLEY,

Plaintiff,

v. Case No. CL20000785-00

SCHOOL BOARD OF AMELIA COUNTY, VIRGINIA, JACK MCKINLEY AND DAVID SMITH,

Defendants.

**DEMURRER OF SCHOOL BOARD OF AMELIA COUNTY, VIRGINIA**

The School Board of Amelia County, Virginia ("School Board"), by counsel, pursuant to Virginia Code section 8.01-273, demurs to the Complaint filed against it by Parcilla G. Salley ("Salley") on the grounds that the Complaint fails to state a cause of action against the School Board and fails to state facts upon which the relief demanded can be granted. In support of this demurrer, the School Board further states as follows:

1. Salley filed a Complaint against the School Board, Jack McKinley ("McKinley"), and David Smith ("Smith") in this Court on or about November 12, 2020. The School Board was served with the Complaint on November 12, 2020.

2. Salley, former Principal of Amelia County High School, alleges that former Superintendent McKinley, former Interim Superintendent Smith, and the School Board discriminated against her, harassed her, and retaliated against her on the basis of her race, and that she resigned her employment to accept employment with another school district. She also alleges that they conspired against her and tortuously interfered with her employment contract.

EXHIBIT
B

3. McKinley left his employment on July 10, 2018. (Compl. ¶ 15.) Smith left his employment with the School Board in March of 2019. (*Id.* at ¶ 25.) Salley resigned her employment in May of 2019. (*Id.* at ¶ 26.)

4. None of the Complaint's five causes of action states a claim upon which the relief demanded can be granted, and the Complaint against the School Board should be dismissed with prejudice.

5. Count I—Unlawful Employment Practices (Wrongful Termination in Violation of 42 U.S.C. § 1981)—does not state a claim against the School Board. Specifically,

a. Salley was not terminated, but rather voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

b. The Complaint does not contain facts to support an allegation of constructive discharge. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004); *E.E.O.C. v. Central Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353 (4th Cir. 1995).

c. The Complaint does not allege facts to support the existence of a policy, custom, or practice so as to assert liability against the School Board pursuant to 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

d. The School Board cannot be held liable under a theory of *respondeat superior* for the actions of its employees for a claim pursuant to 42 U.S.C. § 1983.

e. The Complaint does not allege facts to support the allegation that Salley was discriminated against on the basis of her race, or that she was treated differently than similarly-situated Caucasian comparators.

6. Count II—Unlawful Employment Practices (Harassment/Hostile Work Environment in Violation of 42 U.S.C. § 1981)—does not state a claim against the School Board. Specifically,

a. The Complaint does not allege facts to support the existence of a policy, custom, or practice so as to assert liability against the School Board pursuant to 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

b. The School Board cannot be held liable under a theory of *respondeat superior* for the actions of its employees for a claim pursuant to 42 U.S.C. § 1983.

c. The Complaint does not allege facts to support the allegation that Salley was discriminated against on the basis of her race, or that she was treated differently than similarly-situated Caucasian comparators.

d. The Complaint does not allege facts to support the allegation that Salley suffered a tangible employment action. (Compl. ¶ 39.)

e. The Complaint does not allege facts to support the allegation that the alleged harassment was based on race or that it was sufficiently severe or pervasive so as to alter the terms and conditions of Salley's employment.

7. Count III—Unlawful Employment Practices (Retaliation in Violation of 42 U.S.C. § 1981)—does not state a claim against the School Board. Specifically,

a. The Complaint does not contain facts to support the allegation that Salley engaged in protected activity.

b. The Complaint does not allege facts to support the allegation of an adverse employment action. Salley was not terminated, but rather voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

c. The Complaint does not contain facts to support an allegation of constructive discharge. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004); *E.E.O.C. v. Central Wholesalers, Inc.,* 573 F.3d 167, 175 (4th Cir. 2009); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353 (4th Cir. 1995).

d. The Complaint does not allege facts to support the existence of a policy, custom, or practice so as to assert liability against the School Board pursuant to 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

e. The School Board cannot be held liable under a theory of *respondeat superior* for the actions of its employees for a claim pursuant to 42 U.S.C. § 1983.

8. Count IV—Tortious Interference with Contract—does not state a claim against the School Board. Specifically,

a. Salley has not alleged facts to establish that she had a valid contract with the School Board.

b. There was no interference with contract, as Salley voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

c. The Complaint does not allege any facts to support an allegation that Defendants employed improper methods to interfere with the contract. *Duggin v. Adams*, 234 Va. 221, 226-27, 360 S.E.2d 832, 836 (1987); *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 254 Va. 408, 413, 493 S.E.2d 375, 378 (1997).

d. Under Virginia law, a party or a party's agent cannot intentionally interfere with its own contract. *See, e.g. Fox v. Deese*, 234 Va. 412, 427, 362 S.E.2d 699, 708

(1987) (citing *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985)); *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 448 (E.D. Va. 2002)).

e. The claim for tortious interference with contract is barred in whole or in part by the statute of limitations.

f. The School Board is entitled to sovereign immunity.

9. Count V—Common Law Conspiracy—does not state a claim against the School Board. Specifically,

a. Salley's conspiracy claim is barred by the intracorporate immunity doctrine, as all of the purported co-conspirators are alleged to have been employees of the School Board acting within the scope of their employment. *See Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797, 801 (1985); *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 317, 485 S.E.2d 140, 144 (1997).

b. The Complaint does not allege sufficient facts to support the existence of a conspiracy.

c. The Complaint does not allege facts to support the existence of an underlying tort and, absent proof that an underlying tort was committed, there can be no cause of action for conspiracy. *See Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 215, 754 S.E.2d 215, 317 (2014) (citing *McCarthy v. Kleindienst,* 741 F.2d 1406, 1413 n.7 (D.C. Cir. 1984)); *Almy v. Grisham*, 273 Va. 68, 80, 639 S.E.2d 182, 188 (2007); *Commercial Business Systems, Inc. Halifax Corp.*, 253 Va. 300, 484 S.E.2d 892, 896 (1997).

d. To the extent that the Complaint purports to allege a conspiracy to defame, it is barred by the statute of limitations. *Lokhova v. Halper*, No. 1:19-cv-632, 2020 WL 963032, at *17 (E.D. Va. Feb. 27, 2020) (quoting *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 7:05-cv-

776, 2007 WL 951692, at *5 (W.D. Va. Mar. 23, 2007), *aff'd*, 324 F. App'x 250 (4th Cir. 2009) (*per curiam*)); Va. Code § 8.01-247.1.

e. The School Board is entitled to sovereign immunity.

WHEREFORE, for all of the foregoing reasons, School Board of Amelia County, Virginia, by counsel, respectfully requests that this Court sustain the Demurrer and dismiss Plaintiff's Complaint against it in its entirety, and with prejudice.

**SCHOOL BOARD OF AMELIA COUNTY, VIRGINIA**

By Counsel

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

**CERTIFICATE**

I hereby certify that a true copy of the foregoing was sent via email and U.S. mail this 2nd day of December, 2020 to:

Steven S. Biss, Esq. (VSB No. 32972)
300 West Main Street, Ste. 102
Charlottesville, VA 22903
804-501-8272 - Phone
202-318-4098 - Fax
stevenbiss@earthlink.net

Jeremy D. Capps