VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF AMELIA

PARCILLA G. SALLEY,

Plaintiff,

v. Case No. CL20000785-00

SCHOOL BOARD OF AMELIA COUNTY, VIRGINIA, JACK MCKINLEY AND DAVID SMITH,

Defendants.

**DEMURRER OF JACK MCKINLEY**

NOW COMES Jack McKinley ("Dr. McKinley"), by counsel, pursuant to Virginia Code section 8.01-273, and demurs to the Complaint filed against him by Parcilla G. Salley ("Salley") on the grounds that the Complaint fails to state a cause of action against Dr. McKinley and fails to state facts upon which the relief demanded can be granted. In support of this demurrer, Dr. McKinley further states as follows:

1. Salley filed a Complaint against the School Board of Amelia County, Virginia ("School Board"), Dr. McKinley, and David Smith ("Dr. Smith") in this Court on or about November 12, 2020. Service was purportedly effected on Dr. McKinley by delivering process to the Longwood Police Department on November 17, 2020.

2. Salley, former Principal of Amelia County High School, alleges that Dr. McKinley (former Superintendent), former Interim Superintendent Dr. Smith, and the School Board discriminated against her, harassed her, and retaliated against her on the basis of her race, and that she resigned her employment to accept employment with another school district. She

EXHIBIT
C

also alleges that they conspired against her and tortuously interfered with her employment contract.

3. Dr. McKinley left his employment with the School Board on July 10, 2018. (Compl. ¶ 15.) Dr. Smith left his employment with the School Board in March of 2019. (*Id.* at ¶ 25.) Salley resigned her employment in May of 2019. (*Id.* at ¶ 26.)

4. None of the Complaint's five causes of action states a claim upon which the relief demanded can be granted, and the Complaint against Dr. McKinley should be dismissed with prejudice.

5. Count I—Unlawful Employment Practices (Wrongful Termination in Violation of 42 U.S.C. § 1981)—does not state a claim against Dr. McKinley. Specifically,

a. Salley was not terminated, but rather voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

b. The Complaint does not contain facts to support an allegation of constructive discharge. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004); *E.E.O.C. v. Central Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353 (4th Cir. 1995).

c. The Complaint does not allege facts to support an allegation that Dr. McKinley personally acted to deprive Salley of her rights pursuant to 42 U.S.C. § 1983. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

d. The Complaint does not allege facts to support the allegation that Salley was discriminated against on the basis of her race, or that she was treated differently than similarly-situated Caucasian comparators.

6. Count II—Unlawful Employment Practices (Harassment/Hostile Work Environment in Violation of 42 U.S.C. § 1981)—does not state a claim against Dr. McKinley. Specifically,

a. The Complaint does not allege facts to support an allegation that Dr. McKinley personally acted to deprive Salley of her rights pursuant to 42 U.S.C. § 1983. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

b. The Complaint does not allege facts to support the allegation that Salley was discriminated against on the basis of her race, or that she was treated differently than similarly-situated Caucasian comparators.

c. The Complaint does not allege facts to support the allegation that Salley suffered a tangible employment action. (Compl. ¶ 39.)

d. The Complaint does not allege facts to support the allegation that the alleged harassment was based on race or that it was sufficiently severe or pervasive so as to alter the terms and conditions of Salley's employment.

7. Count III—Unlawful Employment Practices (Retaliation in Violation of 42 U.S.C. § 1981)—does not state a claim against Dr. McKinley. Specifically,

a. The Complaint does not contain facts to support the allegation that Salley engaged in protected activity.

b. The Complaint does not allege facts to support the allegation of an adverse employment action. Salley was not terminated, but rather voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

c. The Complaint does not contain facts to support an allegation of constructive discharge. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004); *E.E.O.C.*

*v. Central Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353 (4th Cir. 1995).

d. The Complaint does not allege facts to support an allegation that Dr. McKinley personally acted to deprive Salley of her rights pursuant to 42 U.S.C. § 1983. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

8. Count IV—Tortious Interference with Contract—does not state a claim against Dr. McKinley. Specifically,

a. Salley has not alleged facts to establish that she had a valid contract with the School Board.

b. There was no interference with contract, as Salley voluntarily left her employment with the School Board by accepting a position with another school division. (Compl. ¶ 26.)

c. The Complaint does not allege any facts to support an allegation that Defendants employed improper methods to interfere with the contract. *Duggin v. Adams*, 234 Va. 221, 226-27, 360 S.E.2d 832, 836 (1987); *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 254 Va. 408, 413, 493 S.E.2d 375, 378 (1997).

d. Under Virginia law, a party or a party's agent cannot intentionally interfere with its own contract. *See, e.g. Fox v. Deese*, 234 Va. 412, 427, 362 S.E.2d 699, 708 (1987) (citing *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985)); *Storey v. Patient First Corp.*, 207 F. Supp. 2d 431, 448 (E.D. Va. 2002)).

e. The claim for tortious interference with contract is barred in whole or in part by the statute of limitations.

9. Count V—Common Law Conspiracy—does not state a claim against Dr. McKinley. Specifically,

a. Salley's conspiracy claim is barred by the intracorporate immunity doctrine, as all of the purported co-conspirators are alleged to have been employees of the School Board acting within the scope of their employment. *See Bowman v. State Bank of Keysville*, 229 Va. 534, 541, 331 S.E.2d 797, 801 (1985); *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 317, 485 S.E.2d 140, 144 (1997).

b. The Complaint does not allege sufficient facts to support the existence of a conspiracy.

c. The Complaint does not allege facts to support the existence of an underlying tort and, absent proof that an underlying tort was committed, there can be no cause of action for conspiracy. *See Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 215, 754 S.E.2d 215, 317 (2014) (citing *McCarthy v. Kleindienst,* 741 F.2d 1406, 1413 n.7 (D.C. Cir. 1984)); *Almy v. Grisham*, 273 Va. 68, 80, 639 S.E.2d 182, 188 (2007); *Commercial Business Systems, Inc. Halifax Corp.*, 253 Va. 300, 484 S.E.2d 892, 896 (1997).

d. The conspiracy claim is barred in whole or in part by the statute of limitations. *Lokhova v. Halper*, No. 1:19-cv-632, 2020 WL 963032, at *17 (E.D. Va. Feb. 27, 2020) (quoting *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 7:05-cv-776, 2007 WL 951692, at *5 (W.D. Va. Mar. 23, 2007), *aff'd*, 324 F. App'x 250 (4th Cir. 2009) (*per curiam*)); Va. Code § 8.01-247.1.

WHEREFORE, for all of the foregoing reasons, Jack McKinley, by counsel, respectfully requests that this Court sustain the Demurrer and dismiss Plaintiff's Complaint against him in its entirety, and with prejudice.

**JACK MCKINLEY**

By Counsel

Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

## CERTIFICATE

I hereby certify that a true copy of the foregoing was sent via email and U.S. mail this 7th day of December, 2020 to:

Steven S. Biss, Esq. (VSB No. 32972)
300 West Main Street, Ste. 102
Charlottesville, VA 22903
804-501-8272 - Phone
202-318-4098 - Fax
stevenbiss@earthlink.net

Jeremy D. Capps